UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ROBERT SANTORO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------x

MEMORANDUM AND ORDER
04 CV 5459

GLASSER, United States District Judge:

In a Memorandum and Order (M&O) dated November 29, 2005, the petitioner's motion pursuant to 28 U.S.C. § 2255 was denied. The following month, the petitioner, who had been represented by counsel and was now proceeding *pro se*, filed a Motion to Reconsider that denial which is the subject of this M&O. An understanding of the history leading up to it will be useful.

On November 18, 2002, the petitioner was found guilty after a trial to the Court and jury, of conspiring to commit wire fraud, of committing wire fraud, mail fraud, money laundering, making a false statement and perjury. 01 CR 416(S-6).

Thereafter, on September 5, 2003, he waived indictment and pleaded guilty to a single count information charging him with conspiracy to launder money stolen from the Metropolitan Transportation Authority. On the same day, he entered into two agreements with the government pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure. In one of those agreements the parties stipulated to a sentencing guideline range of 63 - 78 months in the case in which he went to trial (the trial case) and in which he agreed that he would not appeal his sentence or otherwise challenge his conviction if he was not sentenced in excess of 78 months. That stipulation was contingent upon his

pleading to the aforementioned Information, 03 CR 1000 (the plea case), and provided the Court accept his plea. In the second agreement, he agreed to plead guilty to the Information and stipulated to a Guideline range 78 - 97 months to be imposed concurrently with the sentence to be imposed in the Trial Case. In this agreement too, he waived his right to appeal or otherwise challenge his conviction or sentence if he was not sentenced in excess of 97 months.

Sentences in both cases were imposed on December 15, 2003. In the Trial Case, he was sentenced to a term of 63 months. In the case in which he pleaded guilty, he was sentenced to a term of 78 months, the sentences to run concurrently.

His § 2255 motion sought an Order that would require him to be resentenced in the aftermath of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which was pending decision in the Supreme Court. His motion was bottomed upon his claim that enhancements which increased his Guideline range were based upon facts which were not submitted to and found by a jury and, therefore, ran afoul of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and his Sixth Amendment rights.

Given those claims, he then contended that he acted neither knowingly nor intentionally in waiving his constitutional rights and the invalidity of his waiver should be presumed. In denying his motion, the transcript of the proceeding on September 5, 2003 was set out at some length and indisputably established his knowing and voluntary waiver of those rights. The Court also held that his waiver survived Booker, which was not retroactive.

His motion to reconsider is bottomed upon his claim that his sentence on the Plea Case calculated by reference to the 2002 version of the United States Sentencing

Guidelines (USSG), was seven months too long and thus violated the *ex post facto* clause of the Constitution. Acknowledging that he waived his right to appeal in the event the sentence imposed was not in excess of 97 months, he nevertheless asserts that his waiver could not apply to an illegal sentence. He also contends that in not recognizing that illegality and failing to advise him of his right to appeal, his counsel ineffectively represented him.

As has been previously noted, there were two agreements. In the first, pertaining to the Trial Case, it was agreed that the petitioner's guideline range was 63-78 months; that neither party would move for a departure from that range and that petitioner would not appeal either his conviction or sentence if the sentence imposed would not exceed 78 months. In the second, the agreement pertaining to the Plea Case, it was agreed that his guideline range was 78-97 months, that petitioner would not move for a downward departure from that range and that he would not appeal either his conviction or sentence if the sentence imposed would not exceed 97 months.

## Discussion

At the outset, assuming the timeliness of his motion to reconsider, Rule 6.3 of the Local Rules of the Southern and Eastern District Courts provides in substance that the movant must set forth the matters or controlling decisions that are believed to have been overlooked. The petitioner's *ex post facto* argument was not raised by him either when he was sentenced or in his § 2255 petition, the denial of which he now asks the Court to reconsider. He did not appeal his sentence for the reason, the Court would like to assume, that he acknowledged that he agreed not to.

Rule 6.3 aside, his knowing and voluntary waiver in each agreement precludes

3

this collateral attack of a sentence embraced by that waiver which is enforceable. More to the point is the irrefutable observation made by the Court in <u>United States v. Salcido-Contreras</u>, 990 F.2d 51, 53 (2d Cir. 1993), that "[A] defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence [may not] then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless."

His belated disclaimer of an agreement which, under oath, he swore that he understood and agreed to knowingly and voluntarily, is made more discreditable by his charge of ineffective assistance leveled at his attorney who, abiding by an agreement he negotiated to the benefit of his client, did not advise the filing of a frivolous appeal. (See <u>United States v. Djelevic</u>, 161 F.3d 104, 107 (2d Cir. 1998) ("If we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver provision would be rendered meaningless.")).

As the government correctly declares in its Memorandum in Opposition to this motion, at pages 13-14, even if the petitioner's *ex post facto* motion was to be entertained, he would not prevail. Having been sentenced in the Trial Case prior to being sentenced in the Plea Case, he was then in a Criminal History Category of II and resorting to the 1998 version of the USSG, in that category and a total offense level of 25 his guideline range would have been 63-78 months, within the parameters of which he was sentenced.

The Court, on more than one occasion has, in cases such as this, recalled the

words of Justice Harlan concurring in <u>Mackey v. United States</u>, 401 U.S. 667, 691 (1971), "Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefitted by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to freak litigation on issues already resolved."

His motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 21, 2006

S/
I. Leo Glasser